BRICE J. CRAFTON, ESQ.
Nevada Bar No. 10558
COLTON J. WILSTEAD, ESQ.
Nevada Bar No. 10624
**DEAVER | CRAFTON**
810 E. Charleston Blvd.
Las Vegas, NV 89104
brice@deavercrafton.com
cole@deavercrafton.com
Tel. 702.385.5969
Fax. 702.385.6939
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KURLICIA MATTHEW, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., a foreign corporation; DOES I-X, inclusive; and ROE CORPORATIONS I-X, inclusive;<br><br>Defendants. | Case No. 2:22-cv-02103-RFB-VCF<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |

Plaintiff, KURLICIA MATTHEW, by and through her attorney of record, BRICE J. CRAFTON, ESQ., of the law firm of, DEAVER | CRAFTON, and Defendant, WALMART, INC., by and through their counsel of record, ALVERSON TAYLOR & SANDERS, hereby submit the following Stipulated Discovery Plan and Scheduling Order pursuant to L.R. 26-1(d) and Fed. R. Civ. P. 26(f).

## ~~PROPOSED~~ SCHEDULE

1. Meeting: Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting was held on January 9, 2023, and was attended by Brice Crafton of Deaver Crafton for Plaintiffs and Kurt R. Bonds for Defendants.

2. Initial Disclosures: The parties agreed that no changes to the form, content, or timing of the disclosures under FRCP 26(a) are necessary. Plaintiff served their disclosures on December 27, 2022. Defendants served their discovery on March, 16, 2023. Based upon counsels' review of the evidence in this case, the parties now propose the following discovery plan:

3. Areas of Discovery: (a) the allegations in Plaintiff's Complaint and (b) Defendant's defenses.

4. Discovery Plan: The Parties propose the following discovery plan:

A. Discovery Cut-off Date(s): The parties agreed to participate in early mediation to avoid costly discovery. The parties further agreed to deviate from the traditional discovery model of 180 days allowed under Local Rule 26-1(b)(1) so that mediation can be scheduled and completed. Should the parties be unsuccessful at mediation, the parties agree to discuss whether additional time in discovery is required. The parties agreed to a 9-month discovery plan, and therefore, discovery must be completed by no later than **December 18, 2023**.

B. Amending Pleadings or Adding Parties: Unless otherwise stated herein or ordered by the Court, the date for filing motions to amend the pleadings or to add parties shall not be later than ninety (90) days prior to the discovery cut-off date. Therefore, any such motion shall be filed not later than **September 19, 2023**.

C. Disclosure of Expert Witnesses: In accordance with Fed. R. Civ. P. 26(a)(2) and L.R. 26-1(3), disclosures identifying experts shall be made sixty (60) days prior to discovery cut-off date. Therefore, such disclosures shall be made not later than **October 19, 2023**. Disclosures identifying rebuttal experts shall be made thirty (30) days after the initial

disclosure of experts. Therefore, such disclosures shall be made not later than **November 20, 2023**.

D. Dispositive Motions: Dispositive motions must be filed within thirty (30) days after the close of discovery. Therefore, such motions shall be filed not later than **January 17, 2024.**

E. Pre-Trial Order: The parties will prepare a Joint Pre-Trial Order on or **before February 16, 2024**, which is not more than thirty (30) days after the date set for filing dispositive motions in the case. This deadline will be suspended if dispositive motions are timely filed until thirty (30) days after the decision of the dispositive motions or until further order of the Court. The disclosure required by Fed. R. Civ. P. 26(a)(3) and objections thereto, shall be made in the pre-trial order.

F. Pre-Trial Disclosures: L.R. 26-1(6) requires that pre-trial disclosures, pursuant to Fed. R. Civ. P. 26(a)(3), and any objections thereto shall be included in the Pre-Trial Order. However, the parties wish to deviate from that rule to permit a reasonable opportunity to evaluate a party's pre-trial disclosures and make well-reasoned objections thereto. The parties do not feel they can adequately do so under the modified schedule of L.R. 26-1(6). Therefore, the parties propose following the schedule in Fed. R. Civ. P. 26(a)(3)(B) which requires the parties make pre-trial disclosures not later than thirty (30) days before trial and submit any objections thereto not later than fourteen (14) days before trial.

G. Court Conference: If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

5. Other orders that should be entered by the Court under Rule 26(c) or under Rules 16(b) and (c): There may be the need for a confidentiality and protective order if Plaintiffs make a request for the disclosure of trade secrets and/or other confidential, proprietary, and protected information from Defendant GEICO during discovery. Absent the agreement on a confidentiality order by the parties, Defendant may file a motion for protective order pursuant to Rule 26(c).

6. <u>E-discovery</u>: The parties agree that disclosure and discovery of electronically stored information should be produced in Portable Document Format (Adobe Acrobat) ("PDF Format") to allow for proper and consistent Bates numbering. The PDF documents are also to be produced in a recognize text Optical Character Recognition ("OCR") format. If in good faith a party questions the authenticity of an electronically stored document, or for other good faith reason, the party may request the PDF format document to be produced in its native format.

7. <u>Claw Back Agreement</u>: In the event that any Party (the "Discloser") produces material or documents without intending to waive a claim of privilege or confidentiality, the Discloser does not waive any claim of privilege or confidentiality if, within a reasonable amount of time after the Discloser actually discovers that such material or documents were produced, the Discloser notifies all other Parties (the "Recipient(s)") of the inadvertent disclosure of privileged or confidential items, identifying the material or documents produced and stating the privilege or confidentiality provision asserted. Mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality.

If the Discloser asserts that it inadvertently produced privileged or confidential items in accordance with this Claw Back Agreement, the Recipient(s) must return the specified

material or documents and any copies within ten days of the notification. The Recipient(s) must further permanently destroy any electronic copies of such specified material or documents and affirm in writing to counsel for the Discloser of such destruction.

If the Recipient(s) contends the documents are not subject to privilege or confidentiality as asserted by the Discloser in accordance with this Claw Back Agreement, the Recipient(s) may, following the return and destruction described in Paragraph 2 of this Agreement, challenge the privilege claim through a Motion to Compel or other pleading with the District Court in which the Litigation is currently pending. The Parties agree that any review of items by the judge shall be an *in camera* review.

Should the Recipient(s) not challenge the Discloser's claim of privilege or confidentiality, or should the presiding judge determine that the documents are in fact subject to privilege or confidentiality, the documents, or information contained therein or derived therefrom, may not be used in the Litigation or against the Discloser in any future litigation or arbitration brought by the Recipient(s). Nothing contained within this Claw Back Agreement shall be deemed to waive any objection that any Party may wish to assert under applicable state or federal law.

If the Recipient challenges the privilege or confidentiality of the inadvertently disclosed documents, and prevails on the motion to compel, the Recipient will be entitled to recover reasonable attorney's fees for bringing the motion, to be determined by the Court.

8. <u>Extensions or Modifications of the Discovery Plan and Scheduling Order</u>: In accordance with L.R. 26-4, any stipulation or motion for modification or extension of this discovery plan and scheduling order must be made no later than twenty-one (21) days before the discovery cut-off date. Therefore, such stipulations or motions shall be made not later than **<u>October 14, 2023.</u>**

9. <u>Alternative Dispute Resolution:</u>  Pursuant to Local Rule 26-1 (b)(7), the parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration and if applicable, early neutral evaluation.

10. <u>Alternative Forms of Case Disposition:</u>  Pursuant to Local Rule 26-1 (b)(8), the parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

11. <u>Electronic Evidence:</u>  Pursuant to Local Rule 26-1 (b)(9), the parties certify that they agree to provide discovery in an electronic format compatible with the court's electronic jury evidence display system at trial.

DATED THIS <u>31st</u> day of August, 2023.

**DEAVER | CRAFTON**

/s/ Colton J. Wilstead, Esq.
_____
Brice J. Crafton, Esq.
Nevada Bar No. 16024
Colton J. Wilstead, Esq.
Nevada Bar No. 16024
810 E. Charleston Blvd.
Las Vegas, NV 89104
702-385-5969
brice@deavercrafton.com
colton@deavercrafton.com
Attorneys for Plaintiffs

DATED THIS <u>31st</u> day of August, 2023.

**HALL & EVANS ATTORNEYS AT LAW, LLC**

/s/Kurt R. Bonds, Esq.
_____
Kurt R. Bonds, Esq.
Nevada Bar No. 6228
Madison M. Aguirre, Esq.
Nevada Bar No. 16183
6605 Grand Montecito Parkway Suite 200
Las Vegas, NV 89149
702-384-7000
aguirrem@hallevans.com
bondsk@hallevans.com
Attorneys for Defendants

**ORDER**

IT IS SO ORDERED this <u>5th</u> day of September, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** was served this 31st day of August, 2023 by:

[X]   ELECTRONIC SERVICE: by transmitting via the Court's electronic filing services the document(s) listed above the Counsel set forth on the service list on this date pursuant to EDCR Rule 7.26(c)(4).

*Nancy Bello*
An Employee of Deaver | Crafton



Nancy Bello <nancy@deavercrafton.com>

---

## Kurlicia Matthew v. Walmart, Inc.; 2:22-cv-02103-RFB-VCF

---

**Aguirre, Madison M.** <aguirrem@hallevans.com>                                    Thu, Aug 31, 2023 at 11:32 AM
To: Nancy Bello <nancy@deavercrafton.com>, Valeria Guerra <val@deavercrafton.com>, Brice Crafton <brice@deavercrafton.com>, Cole Wilstead <cole@deavercrafton.com>
Cc: "Bonds, Kurt R." <bondsk@hallevans.com>

Hi Nancy,

Please forgive our delay as we've been trying to get our footing after Alverson Taylor closed and we joined Hall & Evans.

Thank you for drafting the Plan and for staying on top of it. My only suggested change would be to fix our firm name and address to reflect the information in my signature block. Once you do so, you may affix Kurt's e-signature.

I've also included Kurt's new email in the cc box.

Thanks again.

**Madison M. Aguirre** | Associate
aguirrem@hallevans.com
Tel: 702-982-5879

**Hall & Evans, LLC**
1160 North Town Center Drive, Suite 330
Las Vegas, NV 89144



COLORADO | ILLINOIS | MISSOURI | MONTANA | NEVADA | NEW MEXICO | UTAH | WYOMING
website | bio | LinkedIn

Confidentiality Notice: This e-mail and any files transmitted with it are confidential and intended solely for the named addressee(s) of this message and may be subject to

attorney-client privilege or work-product protection. If you are not the named addressee, unauthorized use, disclosure or distribution is prohibited; please notify the sender by reply email and destroy all copies of the original message. Our spam protection may prevent any reply e-mail from being delivered. If I have not responded to your email within 48 hours, please contact our office at 303/628-3300. This e-mail and any attachments are believed to be free of viruses and defects, but it is the responsibility of the recipient to ensure that it is virus-free. The sender is not responsible for any loss or damage arising from its use.

**From:** Nancy Bello <nancy@deavercrafton.com>
**Sent:** Thursday, August 31, 2023 11:24 AM
**To:** Kurt Bonds <kbonds@alversontaylor.com>; Madison Aguirre <maguirre@alversontaylor.com>
**Cc:** Brice Crafton <brice@deavercrafton.com>; Cole Wilstead <cole@deavercrafton.com>; Valeria Guerra <val@deavercrafton.com>
**Subject:** Re: Kurlicia Matthew v. Walmart, Inc.; 2:22-cv-02103-RFB-VCF

Good morning Counsel,

I have been diligently circling the enclosed draft of the Stipulated Discovery Plan for quite some time now. Please advise if we may we may proceed with your e-signature or if you have any objections.

Sincerely,

Nancy Bello

Litigation Paralegal to Brice J. Crafton Esq.,

& Colton J. Wilstead, Esq.

810 E. Charleston Blvd, Las Vegas, NV 89104

P | 702.385.5969

F | 702.385.6939

www.deavercrafton.com